UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ONE STANDARD OF JUSTICE, INC.; and JOHN DOE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| THE TOWN OF WINDSOR LOCKS, CONNECTICUT, a Municipal Corporation, | ) ) ) ) |
| Defendant | ) |

---

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF NOTICE OF CHALLENGE TO CONSTITUTIONALITY OF MUNICIPAL ORDINANCE

---

### Background

1. The Town of Windsor Locks (the "Town") is a municipal corporation located within and organized under the laws of the State of Connecticut.

2. In 2008, the Town adopted a new ordinance titled "Child Safety Zones." Town of Windsor Locks Municipal Code § 160-1 *et seq.* [Attachment 1.]

3. The ordinance applies, on its face, to any person convicted of a criminal offense against a minor and to any person required to register as a sex offender in Connecticut.

4.  Under this ordinance, as described in more detail below, virtually all public space in the Town, including all parks, schools, recreation centers, community centers, senior centers, sports fields and facilities, pools, and the like are made off-limits to persons covered by the ordinance.

5.  This ordinance targets a specific group of citizens and places significant burdens on their First Amendment and other fundamental constitutional liberties without being narrowly tailored to serve a significant government interest.

6.  Plaintiffs bring this suit challenging the constitutionality of the ordinance under the First and Fourteenth Amendments to the U.S. Constitution.

**Jurisdiction and Venue**

7.  Plaintiffs' claims are brought pursuant to 42 U.S.C. § 1983.

8.  Jurisdiction of federal claims is proper under 28 U.S.C. §§ 1331 and 1334. Plaintiffs seek redress for deprivation of rights secured by the U.S. Constitution.

9.  Venue is proper in the District of Connecticut pursuant to 29 U.S.C. § 1391.

10.   The declaratory and injunctive relief sought by Plaintiffs is authorized

by 28 U.S.C. §§ 2201 and 2202, Federal Rules of Civil Procedure 57 and 65,

and by the legal and equitable powers of the Court.

**Defendant**

11.   The "Town of Windsor Locks" is a municipal corporation located in and

organized under the laws of the State of Connecticut.

12.   The Town, as its official policy and as an act of the corporation, has

promulgated municipal ordinance § 160-1 *et seq.* "Child Safety Zones."

13.   The Town is currently enforcing the ordinance and has not disclaimed

its intent to enforce the ordinance.

**Plaintiffs**

**a**. **One Standard of Justice, Inc.**

14.   One Standard of Justice is a non-profit organization organized under the

laws of the United States.

15.   It is a voluntary membership organization.

16.   Its purpose is to protect the constitutional rights of its members (and all

registrants) and to advocate, both legislatively and legally, for the reform of

state and municipal laws regarding sex offender registries and legal restrictions placed upon registrants (collectively "registry laws").

17.    To fulfill this purpose, One Standard of Justice seeks to educate legislators and the public regarding the facts of sex offender recidivism, the effect of registry laws, and the availability of effective, constitutional alternatives to current registry schemes as well as participating in and assisting litigants in lawsuits such as this one.

18.    One Standard of Justice has members who are subject to Town of Windsor Locks Municipal Code § 160-1 *et seq*., the ordinance challenged in this case.

19.    John Doe, the individual Plaintiff in this case, is a member of One Standard of Justice.

20.    In this lawsuit, One Standard of Justice seeks to protect the interests of its members by removing from them unconstitutional burdens and restrictions on their constitutional liberties.

21.    Such protection is germane to the interests of the organization.

22.    This is a suit for declarative and injunctive relief.

23.     Neither the claims asserted nor the relief requested require the participation of the individual members in this lawsuit.

24.     The relief sought will inure to the benefit of the members of One Standard of Justice whose constitutional rights are injured by Town of Windsor Locks Municipal Code § 160-1 *et seq.*

**b. John Doe**

25.     Plaintiff John Doe is a Connecticut citizen who currently resides within the Town.

26.     John Doe was convicted in 1995 of sexual assault in the third degree. Conn. Gen. Stat. § 53a-72a.

27.     John Doe completed probation in 1999. He is not currently under probation or otherwise subject to any court-ordered restrictions.

28.     The victim in John Doe's case was an adult woman of approximately twenty-five (25) years of age.

29.     There were not at that time, nor have there ever been, any allegations that John Doe ever engaged in any inappropriate conduct with a minor.

30.     John Doe received a provisional pardon for this offense in 2009.

31.    Pursuant to the 1995 conviction, and only due to the 1995 conviction, John Doe is currently subject to Town of Windsor Locks Municipal Code § 160-1 *et seq*.

32.    Under this ordinance, John Doe is prohibited from going to the library, parks, senior center, city hall, and virtually every other public space in the Town.

33.    John Doe would like to use the library (including its educational and vocational services); attend concerts, festivals, and rallies in the city parks; and otherwise utilize the public spaces of the Town.

34.    But for the ordinance, John Doe would use the library, including its educational and vocational services; the parks, including for the purpose of attending concerts, festivals, and rallies; and would otherwise seek to exercise his First Amendment rights within the public spaces of the Town.

35.    John Doe is the parent of a minor child.

36.    Due to the ordinance, John Doe is substantially prevented from being present at his child's educational, recreational, and social activities.

37.    But for the ordinance, John Doe would be present at many of his child's educational, recreational, and social activities.

**The Ordinance**

38.    The Town of Windsor Locks Municipal Code § 160-1 *et seq*. is titled "Child Safety Zones" (hereinafter "the Ordinance").

39.    The Ordinance prohibits any "sex offender" from being "present" in any "Child Safety Zone." § 160-3.

40.    "Sex offender," under the Ordinance is defined as "a person who has been convicted of or found not guilty by reason of mental disease or defect of 1) a criminal offense against a victim who is a minor, 2) a nonviolent sexual offense, 3) a sexually violent offense, or 4) [an offense requiring registration under Connecticut General Statutes §§ 54-251 – 54-254]." § 160-2.

41.    Despite its terminology, on its face the Ordinance is not limited in application to "sex offenders." [1]

42.    For persons convicted of a nonviolent sexual offense or a sexually violent offense, the Ordinance draws no distinction between offenses committed against a minor and those committed against an adult. *See id.*

---

[1] Under Connecticut General Statues (C.G.S.) § 54-250, the phrase "a criminal offense against a victim who is a minor" is limited generally, in the context of the state sex offender registration statutes, to *sexual* offenses involving a minor. However, the Ordinance contains no reference to the general statute or other limitation on its plain language.

43.   The Ordinance applies to persons who have never committed an offense against a minor child.

44.   The Ordinance defines "child safety zone" as any "park, school, playground, recreation center, bathing beach, swimming pool or wading pool, gymnasium, sports field, or sports facility" that is owned by "the Town of Windsor Locks or [] any department, agency or authority of the Town of Windsor Locks" or is leased by the Town of Windsor Locks to a third-party for the purpose of operating such park, school, etc. § 160-2.

45.   Under the Ordinance, child safety zones include "any and all buildings, land, parking area or other improvements located on the same parcel on which each of the aforementioned facilities is located." § 160-2. It does not include public streets and boundary sidewalks. *Id.*

46.   The Ordinance specifically states that the Windsor Locks Town Hall Gymnasium, the Windsor Locks Senior Center, and the Windsor Locks Public Library are "child safety zones." *Id.*

47.   The Ordinance specifically lists all city parks as "child safety zones" regardless of whether these parks have any facilities for children. *Id.*

48.   Under the Ordinance, no distinction is made between facilities that offer programs for or are regularly used by minors and those that do not.

8

49.   The only exceptions under the Ordinance are that a covered citizen may enter into a child safety zone 1) if their name has been removed from the state sex offender registry, 2) they enter the zone for the sole purpose of voting; or 3) they are required to be in a child safety zone pursuant to an order of parole or probation. § 160-4.

50.   The single purported justification for the Ordinance is that "recidivism rates for released sex offenders is alarmingly high, especially for those who commit their crimes against children."

51.   This statement of fact is false.

52.   In reality, the recidivism rate for "sex offenders" as a class is lower than that for every category of offenders other than murderers.

53.   As a class, persons subject to the Ordinance have a low rate of recidivism.

54.   The Windsor Locks Town Library provides Internet access and computers for use by the public, including printing services.

55.   The Windsor Locks Town Library hosts discussion groups, lectures, art programs, and classes.

56.   The Windsor Locks Town Library offers a community room for public and organizational meetings.

57.     The Windsor Locks Town Library offers computers for online class work, ESL (English as a second language) studies, online employment applications, or testing.

58.     The Town of Windsor Locks Senior Center offers tax assistance, legal assistance, health and wellness programs, health clinics, educational classes, lectures, and social events.

59.     The Town of Windsor Locks Senior Center offers low cost/no-cost daily nutrition assistance.

60.     In its parks, the Town hosts musical concerts, festivals, and sporting events and leagues (for both minors and adults).

61.     Parks in the Town are the site of political rallies and public demonstrations.

62.     The Windsor Locks Town Hall Gymnasium is located within the Town Hall.

63.     Under the plain language of the Ordinance, the location of the Town Hall Gymnasium renders the Town of Windsor Locks Town Hall off limits to registered citizens.

64.   The Town Hall is the site of most city government meetings, including meetings for the purpose of obtaining public input on proposed ordinances, budget expenditures, and planning.

65.   The Town offers adult education classes, including "adult basic education," general equivalency diploma (GED) classes, ESL classes, National External Diploma Program (NEDP) classes, American Citizenship classes, and adult education enrichment classes, including job and career skills classes.

66.   All of these classes are taught at the Windsor Locks High School.

67.   Due to the Ordinance, citizens subject to the Ordinance cannot attend these classes.

68.   But for the Ordinance, John Doe would attend such classes.

69.   The Town imposes a fine of ninety-nine dollars ($99) for each violation of the Ordinance after the first violation unless the violation also results in a separate criminal conviction or revocation of probation or parole. § 160-7.

70.   The Town is currently enforcing the Ordinance.

71.   The Town has not disclaimed the intent to enforce the Ordinance.

72.   The Ordinance represents the custom and policy of the Town.

11

73.     It is the custom and policy of the Town to enforce the Ordinance.

74.     The Ordinance places substantial burdens on the constitutional liberties of those subject to it.

75.     The harm to citizens covered by the Ordinance, including John Doe and those members of One Standard of Justice subject to the Ordinance, is ongoing and cannot be alleviated except by declaratory and injunctive relief.

76.     No other remedy is available at law.

## Causes of Action

### FIRST CLAIM FOR RELIEF
**TOWN OF WINDSOR LOCKS MUNICIPAL CODE § 160-1 *ET SEQ.* IS NOT NARROWLY TAILORED TO SERVE A SIGNIFICANT GOVERNMENT INTEREST AND IS UNCONSTITUTIONALLY OVERBROAD IN VIOLATION OF PLAINTIFFS' RIGHTS UNDER THE FIRST AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**

77.     Plaintiffs reallege and incorporate each preceding numbered allegation as if fully set forth herein.

78.     Town of Windsor Locks Municipal Code § 160-1 *et seq.* places substantial burdens on Plaintiffs' exercise of First Amendment liberties.

79.     Town of Windsor Locks Municipal Code § 160-1 *et seq.* is not narrowly tailored to serve a significant government interest.

80.     Town of Windsor Locks Municipal Code § 160-1 *et seq.* is substantially

overbroad in relation to whatever plainly legitimate sweep it may have, if

any.

81.     Town of Windsor Locks Municipal Code §160-1 *et seq.* is facially

overbroad and its application to Plaintiffs and others similarly situated is

in violation of the United States Constitution.

SECOND CLAIM FOR RELIEF
TOWN OF WINDSOR LOCKS MUNICIPAL CODE § 160-1 *ET SEQ.* VIOLATES
PLAINTIFFS' RIGHT TO EQUAL PROTECTION UNDER THE FOURTEENTH
AMENDMENT TO THE UNITED STATES CONSTITUTION

82.     Plaintiffs reallege and incorporate each preceding numbered allegation

as if fully set forth herein.

83.     Town of Windsor Locks Municipal Code § 160-1 *et seq.* classifies its

citizens into those subject to its restrictions and those not subject to its

restrictions.

84.    This classification targets a discrete category of citizens on the basis of an identifiable characteristic.

85.    As a group, citizens subject to Town of Windsor Locks Municipal Code § 160-1 *et seq.* suffer substantial disadvantages in the political process.

86.    As a group, citizens subject to Town of Windsor Locks Municipal Code § 160-1 *et seq.* suffer substantial discrimination and prejudice, are the subjects of irrational fear, and are often the targets of physical and mental harassment.

87.    On the basis of this classification, the Town denies services to some citizens that are made freely available to others.

88.    This denial of services places substantial burdens on fundamental constitutional liberties, including not only First Amendment liberties, but rights of association, education, and parenting.

89.    The sole justification of this denial of service is that the citizens covered by Town of Windsor Locks Municipal Code § 160-1 *et seq.* represent a danger to minors. *See* § 160-1(D).

90.    The class of persons subject to Town of Windsor Locks Municipal Code § 160-1 *et seq.* is insufficiently correlated with dangerousness to minors to justify its substantial burdens on constitutional liberties.

14

91.   Town of Windsor Municipal Code § 160-1 *et seq.* violates the Equal

Protection Clause of the United States Constitution.

**THIRD CLAIM FOR RELIEF**
**TOWN OF WINDSOR LOCKS MUNICIPAL CODE § 160-1 *ET SEQ.* IMPOSES**
**SUBSTANTIAL BURDENS ON BOTH ENUMERATED AND UNENUMERATED**
**FUNDAMENTAL RIGHTS WITHOUT SUFFICIENT JUSTIFICATION IN**
**VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS TO THE**
**UNITED STATES CONSTITUTION**

92.   Plaintiffs reallege and incorporate each preceding numbered allegation

as if fully set forth herein.

93.   Town of Windsor Locks Municipal Code § 160-1 *et seq.* places substantial

burdens on Plaintiffs' exercise of fundamental liberties, including rights of

association, parenting, education, and the right to acquire useful knowledge.

94.   The sole justification for these burdens is that the class of persons

covered by the ordinance have an "alarmingly high" recidivism rate.

95.   This statement is false.

96.   The class of persons subject to Town of Windsor Locks Municipal Code §

160-1 *et seq.* is insufficiently correlated with dangerousness to minors to justify

its substantial burdens on constitutional liberties.

97.   Town of Windsor Municipal Code § 160-1 *et seq.* violates the First and

Fourteenth Amendments to the United States Constitution by placing

significant burdens on Plaintiffs' fundamental rights of association, parenting, education, and the right to acquire useful knowledge without sufficient justification and without sufficient tailoring.

**Prayer for Relief**

WHEREFORE, Plaintiffs, having no adequate remedy at law, pray for the following:

(1) That a declaratory judgment be issued holding that Town of Windsor Municipal Code § 160-1 *et seq.* (Child Safety Zones) is overbroad in violation of the Due Process Clause of the Fourteenth Amendment;

(2) That a declaratory judgment be issued holding that Town of Windsor Municipal Code § 160-1 *et seq.* (Child Safety Zones) is unconstitutional on its face as violative of the Equal Protection Clause of the Fourteenth Amendment;

(3) That a declaratory judgment be issued holding that Town of Windsor Municipal Code § 160-1 *et seq.* (Child Safety Zones) is unconstitutional on its face as unduly burdening the exercise of constitutional liberties;

(4) That a permanent injunction be issued enjoining the Town of Windsor Locks and its employees, agents, and officials from enforcing or threatening to enforce Town of Windsor Municipal Code § 160-1 *et seq.* (Child Safety Zones) against Plaintiffs or any other person;

16

(5) For an award of attorney's fees, expenses and costs pursuant to 42 U.S.C. § 1988 and any other applicable provision of law; and

(6) For any further equitable or other relief that the Court deems appropriate.

Respectfully submitted this is the 27th day of March, 2018.

/s/ Audrey Felsen
Audrey Felsen
Koffsky & Felsen, LLC
1150 Bedford Street
Stamford, CT 06905
(203) 327-1500 Telephone
(203) 327-7660 Facsimile
afelsen@aol.com
Juris No. ct20891